IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| T.S. and J.S.,<br><br>   Plaintiffs,<br><br>vs.<br><br>ANTHEM BLUE CROSS BLUE SHIELD and DELOITTE LLP GROUP INSURANCE PLAN,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO TRANSFER VENUE TO WESTERN DISTRICT OF NORTH CAROLINA<br><br>Case No. 2:22CV202-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion to Transfer Venue to Western District of North Carolina. The court has carefully reviewed the written memoranda submitted by the parties, and pursuant to local rule 7-1(g), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(g).

This case involves claims under federal law by residents of North Carolina for denial of payment for mental health services provided in that state. Neither Defendant has its principal place of business in Utah, and the determination—and denial—of Plaintiffs' claims took place in Georgia. Plaintiffs are located in the Western District of North Carolina, the treatment was provided in North Carolina, and nearly all witnesses are located in states that are located closer to North Carolina than to Utah.

But Plaintiffs nevertheless chose to file the instant action in the District of Utah. Plaintiff T.S., who is J.S.'s mother, asserts that she chose Mr. King to represent them because he specializes in representing plaintiffs in ERISA and MHPAEA cases, and Mr. King files

most of his cases in the District of Utah.[1] T.S. believes that because Mr. King files most of his cases in Utah, the District of Utah is more familiar with cases like hers and is better equipped to evaluate her case.[2] T.S. also seeks to protect her daughter's privacy, and she believes that a court farther away from their home state will help ensure that privacy.[3] Finally, she argues that she chose to file in Utah because Mr. King's travel expenses will be minimized since his office is in Utah, and if the case is transferred to the Western District of North Carolina, she believes her costs would greatly increase, which would be a hardship.[4]

## DISCUSSION

This court has broad discretion to grant a motion for change of venue. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 28 (1988). Section 1404 of Title 28 provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible

---

[1] ECF No. 11 at 5.
[2] *Id.*
[3] *Id.*
[4] *Id.*

justification for a change of venue." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks omitted).

A court analyzing whether a movant has met its burden should consider:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967)).  Each case must be decided "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The threshold inquiry in a §1404(a) analysis is whether the action could have originally been brought in the proposed transferee district. Under 29 U.S.C. § 1132(e)(2)**,** an ERISA action may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." *Id.* In this case, there is no dispute that the action originally could have been brought in the Western District of North Carolina**.**

Therefore, the sole issue is whether the Western District of North Carolina is a more appropriate forum under the factors set forth above. Of these factors, the court is not aware of any significant or material difference between the District of Utah and the Western District of North Carolina regarding the enforceability of a judgment, the ability to receive a

3

fair trial, or the congestion of dockets.[5] Additionally, because this is a federal case involving the application of federal law, concerns regarding conflict of laws and the interpretation of local laws are not present. *See IHC Health Servs. Inc. v. Eskaton Properties,* No. 2:16-cv-3-DN, 2016 WL 4769342, at *8 (D. Utah Sept. 12, 2016). Accordingly, the court addresses the remaining relevant factors to determine whether this case should be transferred for fairness and convenience.

**A. Plaintiffs' Choice of Forum**

"Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." "Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotation marks omitted).

In the context of ERISA cases, several judges within the District of Utah have declined to defer to a plaintiff's choice of forum when the location of plaintiff's treatment

---

[5] If anything, the issue of court congestion weighs in favor of transferring this action. When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge. *See REO Sales, Inc. v. Prudential Ins. Co. of Am.,* 925 F.Supp. 1491, 1495 n.3 (D. Colo.1996); *Hess Oil V.I. Corp. v. UOP, Inc.,* 447 F.Supp. 381, 384 (N.D. Okla. 1978). In this action, based on each of these statistics as of June 30, 2022, the District of North Carolina has a less congested docket than the District of Utah. *See* Administrative Office of the United States Courts, Federal Court Management Statistics, https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf

was the plaintiff's only connection to the forum. As Judge Parrish has previously noted:

> [T]he plaintiffs reside [in another forum], and though [plaintiff] received medical treatment in this district, the actual facts that give rise to a claim under § 1132(a)(l)(B) are not the facts of treatment. Rather, a claim for benefits asks a court to review an administrator's denial of benefits - and disposition of any subsequent appeals - on the basis of the information the administrator was provided alongside the relevant terms of the plan document. On the basis of the complaint, those events did not take place in this district.

*Richard T.B. v. United Healthcare Insurance Co.,* No. 2:18-cv-73-JNP, 2019 WL 145736, at *3 (D. Utah Jan. 9, 2019) (assigning "little weight" to plaintiffs choice of forum where plaintiffs only connection to Utah was medical treatment in the district); *see also, e.g., Rula A.-S. v. Aurora Health Care,* Slip Copy, No. 2:19-cv-00982-DAO, 2020 WL 7230119, at *3 (D. Utah Dec. 8, 2020) (declining to defer to plaintiffs' choice of forum and transferring case where District of Utah's only connection to facts was location of treatment); *Michael M. v. Nexen Pruet Group Medical & Dental Plan,* No. 2:17-cv-01236-TS, 2018 WL 1406600, at *5 (D. Utah Mar. 19, 2018) (finding plaintiffs' choice of forum "not controlling" because only connection to Utah was medical treatment in Utah); *IHC Health Servs. Inc. v. Eskaton Properties,* No. 2:16-cv-3-DN, 2016 WL 4769342, at *9 (D. Utah Sept. 12, 2016) (concluding that plaintiff's choice of forum was "not a controlling factor" where Utah lacked any significant connection with the operative facts of the case other than the location of medical treatment).

Unlike the conclusions reached in the aforementioned cases, the undersigned judge has deferred to a plaintiff's choice of forum when the treatment was provided in Utah—even if the plaintiff did not reside in Utah. *See, e.g., D.K. v. United Behavioral*

5

*Health*, Case No. 2:17-cv-01328-DAK, 2018 WL 5281467 (D. Utah October 24, 2018). But in the instant case, not only do Plaintiffs not reside in Utah, but treatment was not even provided the District of Utah.  Therefore, the court must conclude that Plaintiffs' choice of forum is entitled to very little, if any, weight and is not controlling.

**B.  Cost of Making Necessary Proof**

Plaintiffs argue that the cost of making necessary proof militates in favor of keeping the case in Utah. Specifically, they argue that "where convenience of counsel bears directly on the cost of litigation, it becomes a factor to consider."[6] Relying on *Studdard v. Connaught Laboratories, Inc.*, they contend that "[c]ourts in the Tenth Circuit have . . . recognized that the location of plaintiff's counsel is relevant when it affects the cost of litigation*.* 793 F. Supp. 291, 292 (D. Kansas June 4, 1992) (citing *Blumenthal v. Management Assistance, Inc.*, 480 F. Supp. 470, 474 (N.D. Ill. 1979)).  In *Studdard*, however, the court concluded that the "convenience of counsel is entitled to little, if any, weight in ruling on a § 1404(a) transfer," emphasizing that "[t]his is particularly so when no other factors weigh in favor of plaintiff's choice of forum." *Id*. at 292. [7]

---

[6] *See* Plaintiffs' Mem. in Opp'n at 9.

[7] Indeed, another judge in the District of Utah has concluded that "[t]he fact that [Plaintiffs'] counsel is located in Utah is also of no importance, as 'the convenience of counsel is irrelevant and should not be considered in evaluating whether transfer is proper under § 1404(a).'" *IHC Health Servs., Inc.,* 2016 WL 4769342, at *8 (quoting *David L. v. McGraw-Hill Companies, Inc. Group Health Plan,* No. 1:13-cv-176, 2014 WL 1653197, *2 (D. Utah Apr. 23, 2014)).

This court is unaware of any case in which a court deferred to a plaintiff's choice of forum based solely on the alleged heightened travel expenses of plaintiff's counsel if the case were transferred, and this court declines to be the first.

Moreover, even if this court were to consider plaintiff's counsel's travel expenses to North Carolina, it is not clear how this factor would affect the overall calculus. For example, if the case is litigated in the District of Utah, it is not known whether either or both Plaintiffs would travel to Utah for any possible hearing or trial. It is also not known whether any hearing—in Utah or North Carolina—would be conducted by videoconference or in person. Thus, while Plaintiffs claim that the cost of making the necessary proof weighs in favor of denying the Motion to Transfer Venue, the accuracy of that assertion if not clear.

Accordingly, the court concludes that the "cost of making proof," which in this case amounts to considering the travel expenses of Plaintiff's counsel, does not justify deferring to Plaintiffs' choice of forum nor does it militate in favor of or against transfer.

**C.  Accessibility of Witnesses and Other Sources of Proof**

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Employers Mut. Cas. Co. v. Bartile Roofe, Inc.,* 618 F.3d 1153, 1169 (10th Cir. 2010) (internal quotation marks omitted). But the convenience of witnesses is not as important in ERISA cases because the court's review is generally limited to the administrative record. *See Michael M,* 2018 WL 1406600, at *5 (citing *IHC Health Servs., Inc.,* 2016 WL 4769342, at *9). "Nevertheless, to the extent witnesses may be required for Plaintiffs' Parity Act claim, courts have concluded the relevant witnesses in ERISA

cases are those involved in administering the plan and denying the claims." *Rula A.-S. v. Aurora Health Care*, 2020 WL 7230119, at *4.

Here, the Plaintiffs live in North Carolina, and the relevant witnesses involved in administering the Plan and denying Plaintiffs' claims are located in Connecticut and Georgia, respectively.  The relevant documents are found where the Plan is located and administered, in Connecticut.  Georgia and Connecticut are both closer to North Carolina than to Utah, making travel easier, faster, and more cost effective. Accordingly, this factor weighs in favor of transferring the case to the Western District of North Carolina.

## C.  Other Practical Considerations

"[C]onvenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten." *Michael M.,* 2018 WL 1406600, at *7 (quoting *Danny P. v. Catholic Health Initiatives,* No. 1:14-cv-22-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015)).  As stated previously, none of the parties in this case resides in Utah. The Plan was not administered in Utah, and treatment was not provided in Utah. Conversely, the Plaintiffs reside in the Western District of North Carolina, the treatment was provided in the Western District of North Carolina, and the Western District of North Carolina is significantly closer than Utah to where the Plan is administered, where the decision to deny the claim was made, and where the relevant documents and witnesses are located. There is no relationship between the District of Utah and any of the parties or claims in this case, and the sole basis for venue in this district is the Employee Retirement Income Security Act's ("ERISA") nationwide service-of-process provision. Litigation

8

in the District of Utah thus serves neither the convenience of the parties and witnesses nor judicial efficiency.

Under a practical consideration of all the facts, the Western District of North Carolina is the forum with the greatest connection to the operative facts of this case and is the most appropriate forum. Thus, the practical considerations and the interest of justice weigh in favor of transferring the case to the Western District of North Carolina.

## CONCLUSION

For the reasons articulated above, Defendants' Motion to Transfer Venue (ECF No. 8) is GRANTED. IT IS HEREBY ORDERED that the Clerk of the Court is directed to transfer this action to the United States District Court for the Western District of North Carolina and to close this case. Pursuant to the Tenth Circuit's directive in *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir.1991) the court directs the Clerk of Court to defer the electronic transfer of the file of this case for 10 business days after the date of this Order, thus allowing Plaintiffs the opportunity to challenge this ruling within this circuit if they so choose.

DATED this 22nd day of February, 2023.

BY THE COURT:

DALE A. KIMBALL
United States District Judge